## Cleveland Bar Association *v.* Collins.

### [Cite as *Cleveland Bar Assn. v. Collins,* 99 Ohio St.3d 60, 2003-Ohio-2466.]

(No. 2003–0395—Submitted April 16, 2003—Decided May 16, 2003.)

———

**Per Curiam.**

{¶ 1} On December 3, 2001, relator, Cleveland Bar Association, filed a complaint against respondent, Larry D. Collins, Attorney Registration No. 0038052, charging numerous violations of the Code of Professional Responsibility, including DR 5–101(A)(1) (acceptance of employment where professional judgment may be affected by the lawyer's financial, business, property, or personal interests); 5–105(A) (acceptance of employment where the exercise of independent professional judgment may be adversely affected by acceptance of the employment); 6–101(A)(3) (neglect of an entrusted legal matter), and Gov.Bar R. V(4)(G) (failure to cooperate in a disciplinary investigation).

{¶ 2} Respondent did not answer that complaint, prompting relator's motion for default judgment. Again, respondent did not reply. The matter was referred

by the Board of Commissioners on Grievance and Discipline ("board") to a master commissioner. The master commissioner found violations of the aforementioned charges based on respondent's representation of two plaintiffs in a breach-of-contract suit. In June 1997, respondent had filed suit against a general contractor for failing to complete renovations to plaintiffs' restaurant. However, respondent and Johnny Chandler had a relationship with the defendant. That August, Chandler, from a new address, filed an answer and counterclaim on defendant's behalf in the suit instituted by respondent.

{¶ 3} Respondent failed to timely answer or otherwise respond to the counterclaim. He missed a pretrial conference and on the day of trial voluntarily dismissed plaintiffs' claim without advising them of the consequences of doing so while defendant's counterclaim was still pending. Because of respondent's actions, judgment in the amount of $17,433.33 plus interest and costs was rendered in defendant's favor against plaintiffs.

{¶ 4} Following judgment, plaintiffs' bank account was garnished for part of the amount awarded. Respondent advised plaintiffs to open bank accounts in another county and refused to assist them further. Plaintiffs subsequently retained other counsel, who successfully vacated the original judgment pursuant to Civ.R. 60(B).

{¶ 5} Plaintiffs then commenced a malpractice action against respondent. An arbitration panel found in their favor and awarded a judgment against respondent for $19,263. Respondent both appealed and filed for Chapter 13 bankruptcy, the latter staying all further proceedings. A dismissal of that petition for filing irregularities prompted respondent to file a second bankruptcy petition, which did not list plaintiffs as creditors or identify their pending malpractice action against him. Plaintiffs have yet to recover any of their judgment.

{¶ 6} Based on the violations found, the master commissioner recommended an indefinite suspension from the practice of law in Ohio. In addition to the hardships imposed on the clients by respondent's misconduct, the master commissioner cited as an aggravating factor respondent's lack of good standing with the Supreme Court, attributable to respondent's failure to satisfy an earlier sanction related to Gov.Bar R. X, continuing legal education ("CLE"). The master commissioner additionally recommended that any reinstatement "be conditioned, inter alia, upon full restitution to the Grievants for their malpractice judgment or discharge of the obligation through bankruptcy."

{¶ 7} The master commissioner's findings of fact, conclusions of law, and recommended sanction were adopted in whole by the board.

{¶ 8} Upon review, we adopt the findings and conclusions of the board. We also concur with the board's recommended sanction.

{¶ 9} Accordingly, respondent is indefinitely suspended from the practice of law in Ohio, with reinstatement conditioned upon restitution to the grievants or discharge of his obligation to them through bankruptcy.[1] Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and O'CONNOR, JJ., concur.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

---

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 10} I concur in the decision of the majority with the exception of the assertion that the respondent's obligation to the grievants may be discharged in bankruptcy. I continue to maintain that restitution ordered as a condition of reinstatement to the practice of law is not dischargeable in bankruptcy.

{¶ 11} Therefore, I respectfully dissent.

---

David Ross, for relator.

---

1. In addition to the CLE sanction cited by the master commissioner, respondent was indefinitely suspended from the practice of law for CLE noncompliance on April 10, 2003. 98 Ohio St.3d 1527, 1530, 2003-Ohio-1816, 786 N.E.2d 475. In addition to satisfying the requirements for reinstatement in the matter herein, respondent must satisfy the reinstatement requirements set forth in the CLE suspension order and Gov.Bar R. X.